GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: SAMUEL DOLINGER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2677
E-mail: samuel.dolinger@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>    -v-<br><br>HEINZ GENTGES,<br><br>       Defendant. | No. 18 Civ. 7910<br><br>**COMPLAINT** |

Plaintiff the United States of America (the "United States"), by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, brings this civil action against Defendant Heinz Gentges ("Gentges") under the Bank Secrecy Act ("BSA"), 31 U.S.C. § 5311 *et seq.*, and alleges upon information and belief as follows:

## INTRODUCTION

1. Congress passed the BSA to facilitate and monitor compliance with currency regulation and tax laws. As part of this function, the BSA combats tax evasion and abusive tax schemes using offshore bank accounts, particularly in jurisdictions with bank secrecy laws that may hinder the enforcement of U.S. law.

2. In 2007, Gentges maintained two numbered Swiss bank accounts at Union Bank of Switzerland ("UBS"). At the end of 2007, one of Gentges's UBS accounts held a balance of more than $1.5 million, and the other account held a balance of $448,975. Gentges willfully

failed to disclose his UBS accounts to U.S. authorities by filing the required report of foreign financial accounts commonly known as the "FBAR." As a result of this willful violation of the BSA, the Internal Revenue Service ("IRS") has assessed penalties against Gentges totaling $903,853.00.

3. The United States brings this suit to collect the unpaid civil penalties assessed against Gentges for his willful failure to report his financial interest in foreign financial accounts in calendar year 2007, as required by 31 U.S.C. § 5314 and its implementing regulations.

## JURISDICTION AND VENUE

4. The United States brings this suit under 31 U.S.C. § 3711(g)(4)(C) and 31 U.S.C. § 5321(b)(2), at the direction of the Attorney General of the United States and at the request of, and with the authorization of, the Commissioner of the IRS, a delegate of the Secretary of the Treasury of the United States.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355 because it arises under a federal statute and the United States is the plaintiff.

6. Venue is proper in this district under 28 U.S.C. § 1391(b), because Gentges resides in this district and because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## REGULATORY BACKGROUND

7. Section 5314 of Title 31 of the U.S. Code authorizes the Secretary of the Treasury to require United States persons to report certain transactions with foreign financial agencies. Under the statute's implementing regulations, "[e]ach person subject to the jurisdiction of the United States . . . having a financial interest in, or signature or other authority over, a bank,

securities, or other financial account in a foreign country," was required to report that interest for each calendar year in which such relationship existed. 31 C.F.R. § 103.24 (2008).[1]

8. To fulfill this requirement, a U.S. person was required file a Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts, also known as an "FBAR," by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 103.27(c) (2008).

9. Section 5321(a)(5) of Title 31 authorizes the imposition of civil penalties for willful failure to comply with the reporting requirements of § 5314. Specifically, § 5321(a)(5)(C) provides for a willful penalty in the amount of the greater of $100,000 or 50% of the balance in the account at the time of the violation.

10. The penalty set forth under 31 U.S.C. § 5321(a)(5)(C) is subject to interest and further penalties pursuant to 31 U.S.C. § 3717.

## FACTUAL BACKGROUND

11. Gentges was a U.S. citizen and resident during calendar year 2007. Gentges filed U.S. tax returns for tax years including 2007.

12. During calendar year 2007, Gentges lived at 372 Linda Avenue, Hawthorne, New York, in Westchester County.

### A. The UBS Account Ending in 4959

13. In calendar year 2007, Gentges had a financial interest in an account at UBS bearing number XXX-XXXX4959[2] (the "4959 Account").

---

[1] The regulations under 31 U.S.C. § 5314 have been amended since the time at issue and recodified at 31 C.F.R. pt. 1010.

[2] Pursuant to Federal Rule of Civil Procedure 5.2(a)(4), all but the last four digits of financial account numbers herein are redacted.

14. The 4959 Account was a bank, securities, or other financial account in a foreign country.

15. In November 2001, Gentges signed documents to open the 4959 Account, choosing to open it as a numbered account rather than a "name account." He identified himself as the beneficial owner of the 4959 Account and listed his address in Hawthorne, New York.

16. Gentges instructed UBS not to invest in U.S. securities, and signed an instruction to UBS stating, "I would like to avoid disclosure of my identity to the US Internal Revenue Service under the new tax regulations. To this end, I declare that I expressly agree that my account shall be frozen for all new investments in US securities as from 1 November 2000."

17. Gentges instructed UBS to retain his mail at the bank, for a fee, rather than mailing it to his address in New York. Subsequently, when Gentges would visit the bank in Switzerland—including three instances in 2007 alone—he retrieved his mail and then authorized UBS to destroy the mail that he did not take with him.

18. The balance of the 4959 Account in calendar year 2007 was greater than $10,000.

19. During calendar year 2007, Gentges had a financial interest in and signature authority over the 4959 Account.

20. The year-end balance for the 4959 Account for calendar year 2007 was greater than $1.5 million.

21. Gentges met and spoke with UBS bank personnel regularly to discuss the investments in his account.

22. The due date for filing an FBAR for calendar year 2007 was June 30, 2008. On that date, the balance for the 4959 Account was $1,358,730.01.

23. Gentges failed to file an FBAR to report his interest in the 4959 Account for calendar year 2007 by the deadline of June 30, 2008. Accordingly, Gentges failed to timely disclose the 4959 Account for calendar year 2007, as required by 31 U.S.C. § 5314.

24. Gentges's failure to file an FBAR for the 4959 Account in calendar year 2007 was willful within the meaning of 31 U.S.C. § 5321(a)(5).

### B. The UBS Account Ending in 4337

25. In calendar year 2007, Gentges had a financial interest in an account at UBS bearing number XXXX-XX4337 (the "4337 Account").

26. The 4337 Account was a bank, securities, or other financial account in a foreign country.

27. The balance of the 4337 Account in calendar year 2007 was greater than $10,000.

28. During calendar year 2007, Gentges had a financial interest in and signature authority over the 4337 Account.

29. The due date for filing an FBAR for calendar year 2007 was June 30, 2008. The balance information available to the IRS during its examination was the year-end balance for the 4337 Account, which was $448,975.

30. Gentges failed to file an FBAR to report his interest in the 4337 Account for calendar year 2007 by the deadline of June 30, 2008. Accordingly, Gentges failed to timely disclose the 4337 Account for calendar year 2007, as required by 31 U.S.C. § 5314.

31. Gentges's failure to file an FBAR to report his interest in the 4337 Account in calendar year 2007 was willful within the meaning of 31 U.S.C. § 5321(a)(5).

### C. Subsequent Dealings with UBS and Closure of the Accounts

32. In September 2008, Gentges was informed by UBS personnel that he had to either file an IRS form W-9 or close his UBS accounts by the end of the year.

33. Instead of filing an IRS form W-9 and/or making a voluntary disclosure at that time, in September and October 2008, Gentges instructed UBS to transfer securities from his UBS accounts to Migros Bank, another financial institution based in Switzerland.

34. In November 2008, Gentges instructed UBS to transfer all remaining funds in the 4959 Account and the 4337 Account to accounts at Migros Bank.

35. In November 2008, Gentges instructed that his retained UBS mail be sent to an address in Lyss, Switzerland.

### D. Examination and Assessment of Civil Penalties

36. Gentges applied for informal voluntary disclosure to the IRS in June 2010.

37. In September 2011, Gentges belatedly filed certain FBARs for years including 2007, which included both the 4959 Account and the 4337 Account.

38. In 2013, Gentges opted out of the voluntary disclosure program.

39. On several occasions between December 2013 and August 2016, Gentges's representative agreed in writing to extend the time within which the Secretary of the Treasury may assess an FBAR penalty for calendar year 2007, ultimately extending the deadline for assessment until December 31, 2017.

40. On October 7, 2016, the IRS assessed penalties totaling $903,853.00 (the "FBAR Penalties") against Gentges for his willful failure to comply with the FBAR filing requirements with respect to his two UBS accounts for calendar year 2007.

41. Specifically, the IRS assessed a penalty in the amount of $679,365.00 for Gentges's failure to file an FBAR for the 4959 Account for calendar year 2007, and a second penalty in the amount of $224,488.00 for Gentges's failure to file an FBAR for the 4337 Account for calendar year 2007.

42. In March 2017, the IRS sent Gentges a demand for payment of the FBAR Penalties by U.S. certified mail. Gentges has not paid the assessed amount.

43. Since the date on which the IRS assessed the FBAR Penalties, interest and additional penalties have accrued, and continue to accrue, pursuant to 31 U.S.C. § 3717(a)-(e).

## CLAIM FOR RELIEF
### Judgment for Civil Penalties, 31 U.S.C. § 5321(a)(5)

44. By this action, the United States seeks to collect the FBAR Penalties assessed against Gentges by the IRS on October 7, 2016, plus interest and additional penalties that continue to accrue as provided by law.

45. Gentges owes the United States the FBAR Penalties totaling $903,853.00, consisting of the $679,365.00 FBAR penalty assessed for the 4959 Account and the $224,488.00 FBAR penalty assessed for the 4337 Account, plus associated penalties and interest pursuant to 31 U.S.C. § 3717, which continue to accrue, less any amounts collected.

46. The United States may bring suit to recover the FBAR Penalties assessed under 31 U.S.C. § 5321(a) at any time before the end of the 2-year period beginning on the date the FBAR Penalties were assessed. 31 U.S.C. § 5321(b)(2)(A). This action is brought within the 2-year limitations period.

## RELIEF REQUESTED

WHEREFORE, Plaintiff the United States of America respectfully requests that the Court enter judgment:

(a) awarding the United States the amount of Gentges's assessed FBAR Penalties totaling $903,853.00, plus interest and additional penalties as allowed by law from October 7, 2016, to the date of payment; and

(b) granting the United States its costs incurred in connection with this action, along with such further relief as the Court may deem just and proper.

Dated: August 29, 2018
New York, New York

>GEOFFREY S. BERMAN
>United States Attorney for the
>Southern District of New York
>
>By: *[signature]*
>SAMUEL DOLINGER
>Assistant United States Attorney
>86 Chambers Street, 3rd Floor
>New York, New York 10007
>Tel.: (212) 637-2677
>E-mail: samuel.dolinger@usdoj.gov