Michael J. Pisko, Esq.
Richard Sapinski, Esq. (*Pro Hac Vice to be submitted*)
SILLS CUMMIS & GROSS P.C.
The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
(973)643-7000
*Attorneys for Defendant Heinz Gentges*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HEINZ GENTGES,<br><br>Defendant. | No. 18 Civ. 7910<br><br>**ANSWER**<br>**AND**<br>**DEMAND FOR JURY TRIAL**<br><br>**(Filed Electronically)** |

Defendant Heinz Gentges ("Defendant"), through his counsel, responds to the Complaint filed by the United States of America ("Plaintiff") as follows:

**RESPONSE TO INTRODUCTION**

1.      Defendant admits that Congress enacted the BSA, but denies the remaining allegations of paragraph 1 of the Complaint for lack of knowledge and information sufficient to form a belief as to the truth thereof and leave Plaintiff to its proofs.

2.      Defendant admits only that he had longstanding personal and family connections to Switzerland and maintained accounts at Union Bank of Switzerland in 2007 and for many years prior thereto, but denies the remaining allegations contained in paragraph 2 of the Complaint.

3.      The allegations contained in paragraph 3 of the Complaint constitute a legal conclusion as to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 3 of the Complaint.

## RESPONSE TO JURISDICTION AND VENUE

4.      Defendant admits the allegations contained in paragraph 4 of the Complaint.

5.      Defendant admits the allegations contained in paragraph 5 of the Complaint.

6.      Defendant admits the allegations contained in paragraph 6 of the Complaint.

## RESPONSE TO REGULATORY BACKGROUND

7.      The allegations contained in paragraph 7 of the Complaint constitute a legal conclusion as to which no response is required.

8.      The allegations contained in paragraph 8 of the Complaint constitute a legal conclusion as to which no response is required.

9.      The allegations contained in paragraph 9 of the Complaint constitute a legal conclusion as to which no response is required.

10.     The allegations contained in paragraph 10 of the Complaint constitute a legal conclusion as to which no response is required.

## RESPONSE TO FACTUAL BACKGROUND

11. Defendant admits the allegations contained in paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in paragraph 12 of the Complaint.

13. Defendant admits the allegations contained in paragraph 13 of the Complaint.

14. Defendant admits the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations of paragraph 15 of the Complaint for lack of knowledge and information sufficient to form a belief as to the truth thereof and leave Plaintiff to its proofs.

16. Defendant denies the allegations of paragraph 16 of the Complaint for lack of knowledge and information sufficient to form a belief as to the truth thereof and leave Plaintiff to its proofs.

17. Defendant denies the allegations of paragraph 17 of the Complaint for lack of knowledge and information sufficient to form a belief as to the truth thereof and leave Plaintiff to its proofs.

18. Defendant admits the allegations contained in paragraph 18 of the Complaint.

19. Defendant admits the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations of paragraph 20 of the Complaint for lack of knowledge and information sufficient to form a belief as to the truth thereof and leave Plaintiff to its proofs.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations of paragraph 22 of the Complaint for lack of knowledge and information sufficient to form a belief as to the truth thereof and leave Plaintiff to its proofs.

23.     Defendant admits the allegation contained in paragraph 23 of the Complaint that he did not file an FBAR for calendar year 2007 on or prior to June 30, 2008.

24.     Defendant denies the allegations contained in paragraph 24 of the Complaint.

25.     Defendant admits the allegations contained in paragraph 25 of the Complaint.

26.     Defendant admits the allegations contained in paragraph 26 of the Complaint.

27.     Defendant admits the allegations contained in paragraph 27 of the Complaint.

28.     Defendant admits the allegations contained in paragraph 28 of the Complaint.

29.     Defendant denies the allegations of paragraph 29 of the Complaint for lack of knowledge and information sufficient to form a belief as to the truth thereof and leave Plaintiff to its proofs.

30.     Defendant admits the allegation contained in paragraph 30 of the Complaint that he did not file an FBAR for calendar year 2007 on or prior to June 30, 2008.

31.     Defendant denies the allegations contained in paragraph 31 of the Complaint.

32.     Defendant denies the allegations of paragraph 32 of the Complaint.  Defendant alleges that he was advised by UBS that it was no longer maintaining banking relationships with U.S. persons and his accounts had to be closed, and he thereafter he established a banking relationship with Migros Bank.

33.     Defendant admits that he had UBS transfer the funds he had on deposit with UBS to Migros Bank, but denies the remaining allegations contained in paragraph 33 of the Complaint.

34.     Defendant admits that the funds at UBS were transferred to Migros Bank, but denies the remaining allegations of paragraph 34 of the Complaint regarding the date thereof for

4

lack of knowledge and information sufficient to form a belief as to the truth thereof and leave Plaintiff to its proofs.

35.     Defendant denies the allegations contained in paragraph 35 of the Complaint. Defendant alleges that Defendant's son resided in Lyss, Switzerland for many years prior to 2007, continues to reside there today, and that all local mail addressed to the Defendant was sent to the son's address to assure proper and timely delivery.

36.     Defendant admits the allegations contained paragraph 36 of the Complaint.

37.     Defendant admits that he filed a 2007 FBAR as a part of his voluntary disclosure, but denies the remaining the allegations contained in paragraph 37 of the Complaint.

38.     Defendant admits the allegations contained in paragraph 38 of the Complaint.

39.     Defendant admits the allegations contained in paragraph 39 of the Complaint.

40.     Defendant admits that he was assessed a penalty totaling $903,853, but denies the remaining allegations contained in paragraph 40 of the Complaint.

41.     Defendant admits the allegations contained in paragraph 41 of the Complaint.

42.     Defendant denies the allegations of paragraph 42 of the Complaint for lack of knowledge and information sufficient to form a belief as to the truth thereof and leave Plaintiff to its proofs.

43.     The allegations contained in paragraph 43 of the Complaint constitute a legal conclusion as to which no response is required.

## RESPONSE TO CLAIM FOR RELIEF

44.     The allegations contained in paragraph 44 of the Complaint constitute a legal conclusion as to which no response is required

45.     Defendant denies the allegations contained in paragraph 45 of the Complaint.

46.     The allegations contained in paragraph 46 of the Complaint constitute a legal conclusion as to which no response is required.

**WHEREFORE**, Defendant requests judgment dismissing the Complaint against him with prejudice, together with attorneys' fees and costs of suit.

## FIRST AFFIRMATIVE DEFENSE

Any FBAR reporting violation that may have existed was not due to the Defendant's willful failure to comply with the applicable law.

## SECOND AFFIRMATIVE DEFENSE

To the extent a willful FBAR penalty is due, the amount of the FBAR penalty assessed against the Defendant was not properly calculated and was not assessed in accordance with the requirements of the Administrative Procedures Act.

## THIRD AFFIRMATIVE DEFENSE

The amount of the FBAR penalty assessed constitutes an excessive fine in violation of the Eighth Amendment of the U.S. Constitution.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant hereby demands a trial by jury on all issues so triable herein.

Respectfully submitted,
SILLS CUMMIS & GROSS P.C.

By: */s/ Michael J. Pisko*
    Michael J. Pisko, Esq.
    Richard J. Sapinski, Esq. (*Pro Hac Vice to be submitted*)
    One Riverfront Plaza
    Newark, NJ 07102
    Telephone (973) 643-5975
    rsapinski@sillscummis.com
    *Attorneys for Defendant*
    *Heinz Gentges*

Dated:  January 16, 2019

## CERTIFICATE OF SERVICE

I hereby certify that, on January 16, 2019, Defendant Heinz Gentges's Answer to Plaintiff's Complaint for FBAR Penalty was electronically filed with the Clerk of the Court by using the Court's CM/ECF system, and accordingly served the parties who receive notice of filing via the Court's CM/ECF system.

/s/ Michael J. Pisko
MICHAEL J. PISKO

8