**MEMO ENDORSED**

U.S. Department of Justice

United States Attorney
Southern District of New York

86 Chambers Street
New York, New York 10007

September 3, 2021

Via ECF
Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    *United States of America v. Heinz Gentges*, 18 Civ. 7910 (KMK) (PED)

Dear Judge Karas:

      This Office represents the United States of America, the plaintiff in the above-referenced action against defendant Heinz Gentges to collect civil penalties assessed against Gentges for his willful failure to report two foreign financial accounts at UBS in Switzerland, pursuant to the Bank Secrecy Act, 31 U.S.C. §§ 5314 and 5321.

      On March 31, 2021, the Court entered an Opinion and Order, Dkt. No. 48, granting summary judgment to the United States on the issue of Gentges's willfulness in failing to disclose the UBS accounts. The Court also granted summary judgment to the government on the calculation of the $679,365 penalty relating to Gentges's UBS account known as the 4959 Account (identified by the final four digits of the account number). However, the Court remanded the calculation of the second penalty of $224,488—assessed for Gentges's failure to disclose the second UBS account known as the 4337 Account—for further investigation or explanation.

      Recently, chambers staff requested information concerning the status of this matter and the appropriate mechanism to carry out the remand of the penalty for the 4337 Account to the Internal Revenue Service ("IRS"). In response to the Court's query, the United States respectfully advises the Court that appropriate personnel at the IRS have been made aware of the Court's Opinion and Order and the government is in the process of responding.

      The United States does not currently have records reflecting the balance of the 4337 Account on June 30, 2008, although the government requested that Gentges provide all statements and other financial records concerning his UBS accounts during discovery. As a result, in May 2021—after the issuance of the Opinion and Order—the government requested that Gentges execute a supplemental waiver of Swiss banking secrecy requirements so that UBS may provide the United States with any additional information regarding the 4337 Account that may be relevant to the remand. The government was advised that Gentges provided the waiver to UBS's counsel last week. UBS's counsel has not yet provided an estimate for its full production of additional records pursuant to the waiver, but advised that the bank may be able to begin providing records as soon as next week. The government anticipates that UBS's response will be central to IRS's efforts to carry out the reevaluation of this penalty amount. Once the

Case 7:18-cv-07910-KMK   Document 49   Filed 09/03/21   Page 2 of 2
Case 7:18-cv-07910-KMK   Document 50   Filed 09/08/21   Page 2 of 2

Page 2

government receives a response from UBS regarding the 4337 Account records, the IRS intends to move expeditiously to complete the remand pursuant to the Opinion and Order.

As to the mechanism for effectuating the remand: while Your Honor's clerk requested an IRS contact in order to remand the case, the United States respectfully proposes instead that the Court move the case to its suspense docket (or, alternatively, mark the case administratively closed) during the pendency of the remand to the IRS. Then, once the remand is complete, the United States will request leave to restore the case to the Court's active calendar so the Court may review the agency's decision following remand and, ultimately, enter final judgment. The government respectfully submits that this proposed procedure would serve judicial economy and avoid any delay or complication in bringing the case to a close once the remand is complete. Defendant's counsel advises that Gentges has no objection to the United States' proposal.

To the extent that the Court prefers to send the case file to the IRS directly, the government respectfully advises that the IRS Office of Chief Counsel will be responsible for ensuring that the Court's remand order is provided to the appropriate agency personnel. The IRS Office of Chief Counsel may be contacted with respect to this matter at the following address:

Office of Chief Counsel
Internal Revenue Service
Attn: Gorica B. Lakic, Senior Counsel
200 West Adams Street, Suite 2300
Chicago, IL 60606

Thank you for your consideration of this matter.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By:   /s/ Samuel Dolinger
SAMUEL DOLINGER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2677
E-mail: samuel.dolinger@usdoj.gov

---

**For the reasons noted herein, the Court will not remand the case. Instead, the Court will suspend the case while the IRS determines the amount of the second penalty. Therefore, the Clerk of Court is directed to administratively close the case.**

So Ordered.

[signature]

9/8/21

cc: Counsel of record (via ECF)